# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOES 1-5,<br><br>      Plaintiffs,<br>v.<br><br>CITY OF CHICAGO, a municipal Corporation,<br><br>      Defendant. | Case No. 18-cv-03054<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's motion to compel Rule 35 mental examinations of Plaintiffs by its rebuttal expert, a licensed clinical psychologist named Dr. Diana S. Goldstein. Doc. [183]. Plaintiffs oppose the motion and contend that the time for fact discovery has passed, the mental examinations are unnecessary, and that Defendant has failed to show good cause for the mental examination. For the reasons that follow, Defendant's motion is granted.

      Under Rule 35, the "court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). To warrant an order for Rule 35 mental examinations, the moving party must show good cause on notice to all parties and the person to be examined and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. Fed. R. Civ. P. 35(a)(2)(A)-(B).

      Here, Plaintiffs allege that Defendant caused them to suffer severe emotional distress, and they also seek damages to remedy their alleged emotional distress. *See, e.g.*, Doc. [1] at ¶¶ 84, 231, 303, 380, and 434 (alleging harassment that "seriously affected" Jane Doe 1-5's "psychological well-being."). Furthermore, Plaintiffs obtained a psychologist to serve as an expert witness, Dr. Angela Lawson, who evaluated each Plaintiff and submitted expert reports on each Plaintiff. *See* Doc. [191] at 5-7; *see also* Doc. [184] at 3. Thus, Defendant brings this motion because it desires to have its own rebuttal expert independently evaluate each Plaintiff.

      Plaintiffs' leading objection is that this motion is untimely because it was filed on the day fact discovery closed, although before the deadline for rebuttal expert disclosure lapsed. *See* Rule 26(a)(2)(D)(ii). Rule 35 does not set forth when a demand for a mental examination must be made. Instead, the Rule provides that a court may grant a request for a mental examination whenever a case is "pending." Fed. R. Civ. P. 35(a)(1). Plaintiffs unpersuasively rely on a factually distinguishable case where a court denied a motion for a Rule 35 examination that was filed *after* the close of *both* fact and expert discovery. *See Briesacher v. AMG Resources, Inc.*,

No. 2:03-cv-331, 2005 WL 2105908 at *1-2 (N.D. Ind. Aug. 31, 2005). Indeed, there is no "bright-line rule requiring that requests for Rule 35 examinations must always be brought before the close of fact discovery." *Walti v. Toys R Us*, No. 10 C 2116, 2011 WL 3876907, at *4 (N.D. Ill. Aug. 31, 2011), *objections overruled*, No. 10 CV 2116, 2011 WL 4715198 (N.D. Ill. Oct. 6, 2011). Courts have wide discretion in discovery matters, including orders pertaining to Rule 35 examinations. *Cf. Miksis v. Howard*, 106 F.3d 754, 758–59 (7th Cir. 1997) (holding that the trial court did not abuse its discretion in denying a request for a Rule 35 examination made after the close of fact discovery but before the end of the expert disclosure period); see *also Walti*, 2011 WL 4715198 (N.D. Ill. Oct. 6, 2011) (commenting on *Miksis* and confirming the magistrate judge's order granting Rule 35 examination). In evaluating a court's discretion in discovery matters, the Supreme Court has held, in the context of Rule 35, "that the deposition-discovery rules are to be accorded a broad and liberal treatment . . . to effectuate their purpose that civil trials in the federal courts no longer need to be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964) (internal citations and quotations omitted). "As a result, district courts have granted or denied motions under Rule 35 depending on the facts in the particular cases." *Walti*, 2011 WL 3876907 at *4 (collecting cases). It is not uncommon for a district court to order a Rule 35 examination after the close of fact discovery. *See, e.g.*, *id.*; *Walton v. N.C. Dept. of Agric. and Consumer Servs.*, No. 09-cv-302 FL, 2011 WL 883579 at *3 (E.D.N.C. Mar.11, 2011) (compelling Rule 35 examinations to take place after discovery cutoff); *Impey v. Office Depot, Inc.*, No. C09–1973, 2010 WL 2985071, at *19–21 (N.D.Cal. July 27, 2010) (granting a motion to compel Rule 35 examination filed two months after close of fact discovery where plaintiff's expert examination also took place after close of fact discovery). For example, in *Walti*, the court ordered Rule 35 examinations after the close of fact discovery even though the defendant/movant knew that the plaintiff's mental state was at issue from the inception of the case, had records from plaintiff's treating professionals, and knew that fact discovery would close before it received expert disclosures and reports. *Id.* *Walti* reasoned that the information gained by the moving party at the deposition of a plaintiff's treating professionals provided a reasonable basis for a late request for a Rule 35 examination.

The facts here are like *Walti*. Plaintiffs only recently named a psychologist, Dr. Lawson, as an expert witness. *See* Doc. [184] at 3. True, Defendant could have requested Rule 35 mental examinations earlier in this case. But the record and the emails attached to Defendant's motion suggest that Plaintiffs' counsel led the Defendant to believe that they were agreeable to mental examinations by a rebuttal witness without judicial intervention. *See* Doc. [184-1]. These emails show that, prior to the close of fact discovery, counsel for both parties were coordinating appointment times for Plaintiffs to meet with Dr. Goldstein. Doc. [184-1]. Similarly, Plaintiffs had at one point conveyed to the Court that Plaintiffs were "in the process of scheduling meetings with all 5 Plaintiffs and the Defense counsel's rebuttal expert. Plaintiffs' counsel has provided all necessary information and documentation to effectuate these meetings." Doc. [173] at 4. That process, unfortunately, broke down, necessitating judicial intervention. Thus, Defendant's delay until the last day of fact discovery to file the motion to compel Rule 35 examinations was reasonable.

Defendant's request also comes shortly after Plaintiffs recently produced their expert's report. *Walti* found that an even later Rule 35 motion was appropriate where the defendant's desire for a Rule 35 mental examination was triggered after it gained information at the plaintiff's treating professional's deposition. *Walti*, 2011 WL 3876907 at *5 ("information that [the defendant] gained at the depositions of Walti's treating professionals provides a reasonable basis for [the defendant's] request for the Rule 35 examination it seeks."). Thus, as a rebuttal expert witness, it is reasonable for the Defendants to disclose Dr. Goldstein after receiving the Plaintiffs' expert report.

Next, Plaintiff contends that Defendant's motion should be denied because Defendant failed to show good cause under Rule 35 for the mental examinations. As mentioned above, to warrant an order for Rule 35 mental examinations, the moving party must show good cause on notice to all parties and the person to be examined *and* must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. Fed. R. Civ. P. 35(a)(2)(A)-(B). The Supreme Court requires "discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). To meet the standard, the moving party must show more than "mere conclusory allegations of the pleadings" or "mere relevance to the case." *EEOC v. Costco Wholesale Corp.*, No. 14 C 6553, 2015 WL 9200560, at *13 (N.D. Ill. Dec. 15, 2015) (quoting *Schlagenhauf*, 379 U.S. at 118). This requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.*

Defendant has demonstrated that good cause exists. First, as discussed above, Plaintiffs' mental health is a pivotal issue in this case. Although pleadings alone are not necessarily indicative that good cause exists, "there are situations where the pleadings alone are sufficient to meet these requirements." *Schlagenhauf*, 379 U.S. at 119. *Schlagenhauf* provides the example of a "plaintiff in a negligence action who asserts mental or physical injury" as one situation where a plaintiff "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* In *Schlagenhauf*, Rule 35 examinations were denied because Schlagenhauf "did not assert his mental or physical condition either in support of or in defense of a claim. His condition was sought to be placed in issue by other parties." *Id.* at 119-20. Unlike *Schlagenhauf*, Plaintiffs allege that their mental health is of critical importance in both the Complaint and through the Plaintiffs' own discovery strategy. *See, e.g.*, Doc. [1] at ¶¶ 84, 231, 303, 380, and 434 (alleging that harassment "seriously affected" Jane Doe 1-5's "psychological well-being."). Further, in recognizing the important role of Plaintiffs' mental health in this case, Plaintiffs obtained their own mental health expert witness, a psychologist, who evaluated each Plaintiff and submitted expert reports on each Plaintiff. *See* Doc. [191] at 5-7; *see also* Doc. [184] at 3. Finally, and contrary to Plaintiffs' contention, Defendant is not required to only rely on the data and observations made by Plaintiffs' expert witness. Defendant is entitled to a reasonable opportunity to test those conclusions by using standardized or peer-reviewed psychological

3

examinations. *See Walti*, 2011 WL 3876907 at *5 (internal citation omitted). Accordingly, this Court finds that Plaintiffs' mental condition is in controversy and that Defendant's motion was made with good cause under Rule 35.

Defendant's motion also specified the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it under Fed. R. Civ. P. 35(a)(2)(B). Defendants propose specific times for Plaintiffs' mental examinations with Dr. Goldstein. *See* Doc. [184] at 6. Emails between counsel additionally show that the parties discussed available times for appointments with Defendant's rebuttal expert. *See* Doc. [184-1] at 3-4. The examinations are to be performed at the office of Dr. Goldstein, Isaac Ray Forensic Group, LLC, 65 E. Wacker Place, Suite 2240, Chicago, Illinois 60601. *See* Doc. [184] at 6. Defendant also identified the person or persons who will perform the examination -- Dr. Goldstein and her staff. *See* Doc. [184] at 5; *see also* Doc. [184-2]. The manner, conditions, and scope of the examination are also thoroughly detailed in the motion. *See* Doc. [184] at 4-6.

Plaintiff argues that the scope of Dr. Lawson's examinations are too broad. *See* Doc. [191] at 11 ("cognitive battery tests are beyond the scope . . . and Defendant has failed to show good cause as to why this Court should compel Plaintiffs to undergo this type of testing."). The Court has reviewed the tests that Dr. Goldstein has identified and notes that they are all peer-reviewed psychological and neurological tests used to assess an individual's mental health. Doc. [184] at 5. Therefore, the Court holds the proposed scope is reasonable and appropriate.

Plaintiffs alternatively request several limitations to Dr. Goldstein's Rule 35 examinations, but do not provide any authority in support of their requested limitations. First, Plaintiff objects to Dr. Goldstein interviewing the patients as part of her mental health examination. The Court will not micro-manage how Dr. Goldstein, a licensed medical professional skilled in her field, chooses to perform her testing. However, the Court orders the parties to meet and confer, and to properly identify how many hours is actually needed for the interviews, as the current request for a full-day for each Plaintiff appears to be unnecessary and excessive. Second, Plaintiffs request that any testing must be done by Dr. Goldstein exclusively and unassisted by her staff. The Court orders the parties to again meet and confer on this issue, and to the extent possible, request that Dr. Goldstein conduct the examinations herself in order to reduce the number of expert depositions.

For the foregoing reasons, Defendant's Motion to Compel Mental Examinations of Plaintiffs Pursuant to Federal Rule of Civil Procedure 35 [183] is granted.

**SO ORDERED.**

**Dated: May 10, 2019**

**Sunil R. Harjani
United States Magistrate Judge**