# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOES 1-5,<br><br>Plaintiffs,<br>v.<br><br>CITY OF CHICAGO, a municipal Corporation,<br><br>Defendant. | Case No. 18-cv-03054<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion to compel Defendant City of Chicago to produce documents in response to Requests Nos. 7 and 8 of their Amended Fourth Request for Documents. Doc. [169] at 3. Plaintiffs, female paramedics employed by Defendant who allege sexual misconduct, seek documents concerning the investigation of a male student's allegation that the City's fire department's employee sexual assaulted and harassed him during an observational ride-along. This male student was not employed by Defendant and is not a party to this lawsuit. Specifically, Plaintiffs' motion seeks the student's complaint, the OIG Report, witness statements, documents detailing the allegations, and documents that reflect the outcome of the investigation into the student's allegation. Doc. [169] at 3. The inquiry in this case is one of relevancy and proportionality under Federal Rule of Civil Procedure 26(b)(1).

For the reasons stated below, Plaintiff's motion is granted.

## Legal Standard

In ruling on a motion to compel discovery, the discovery standard set forth in Rule 26 of the Federal Rules of Civil Procedure applies:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[A] district court has broad discretion over pretrial discovery rulings." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).

## Discussion

Plaintiffs argue that these documents are relevant to compare how Defendant treats male versus female sexual misconduct complainants. Doc. [169] at 6. Plaintiffs reason that this inquiry is relevant to their *Monell* claim, 42 U.S.C. § 1983, and their Title VII disparate treatment claim. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978); *see also* 42 U.S.C. §§ 2000e *et seq.*[1] Defendant primarily objects on relevance: that documents responsive to Requests Nos. 7 and 8 are irrelevant to the Title VII claims because those documents pertain to a *nonemployee*'s sexual assault and harassment allegation and so it falls outside the employment context. Doc. [169] at 3; Doc. [186] at 3. Defendant also argues that documents responsive to Requests Nos. 7 and 8 need not be produced because Plaintiff's efforts to compare the treatment of male and female accusers "is directly contradicted by evidence in the case" and "directly inconsistent with the facts at issue in this litigation." Doc. [186] at 2.

First, Defendant's argument that the requested documents are contradicted by other facts in the case is not the inquiry under Fed. R. Civ. P. 26. Rather, the inquiry is whether the requested

---

[1] Plaintiffs bring other claims in this lawsuit, but their motion does not contend that those claims make documents responsive to Requests Nos. 7 and 8 relevant.

2

documents are relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1). Defendant's fact-based argument that requested documents are contradicted by other facts in the case can be addressed at a later stage in litigation.

Next, the Court addresses whether the requested documents are relevant to the *Monell* claim. *Monell* held that municipalities can be liable under § 1983 for deprivations pursuant to official policy or entrenched practices. *See Monell*, 436 U.S. at 691-92. To prevail on a *Monell* claim, a plaintiff must show that: "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000); *see also Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 664 (7th Cir. 2012). Relatedly, the Seventh Circuit has held that "[i]f the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986) ("To establish a municipal policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident in which the plaintiff suffered a deprivation will not suffice.").

Here, the Complaint's *Monell* claim alleges, in part, that Defendant had a discriminatory policy or practice of failing to adequately investigate and discipline its employees accused of sexual misconduct. *See, e.g.*, Doc. [1] at ¶ 455(b). The Complaint's *Monell* claims focus on the fire department's failure to investigate an accused employee-harasser, regardless of whether the

3

complaint was brought by an employee or non-employee. Doc. [1] at ¶ 455(b). The *Monell* claim goes on to allege that the failure to adequately handle sexual misconduct allegations encouraged employees to engage in sexual misconduct. Doc. [1] at ¶ 455(b).

As a result, Plaintiffs contends that the requested documents, involving a male non-employee's complaint of sexual misconduct at its workplace allegedly committed by an employee, is relevant to a *Monell* pattern or practice of the fire department's handling of sexual misconduct allegations. *See Henry*, 808 F.2d at 1237 (providing that to "establish a municipal policy or custom," Plaintiffs must show "a specific pattern or series of incidents that support the general allegation of a custom or policy."). In Plaintiffs' motion, they contend that documents concerning sexual misconduct allegations brought by males against Defendant's employees would support a policy, custom, or practice of discrimination by showing whether complaints submitted by males were treated differently from those submitted by females.

Differing treatment of one gender's sexual misconduct allegations, compared to the other gender's treatment, has been found to indicate "an informal yet established custom or policy of discrimination" against one gender while treating the other gender's complaints more seriously. *Hicks v. Sheahan*, No. 03 C 0327, 2004 WL 3119016, at *18 (N.D. Ill. 2004). In *Hicks*, like the instant lawsuit, a plaintiff brought a § 1983 claim that alleged an informal custom or policy of inadequately handling sexual harassment complaints. *See id.* *Hicks* denied the defendant's motion for summary judgment partially due to evidence that the plaintiff's internal complaint would have both been handled differently and would have yielded an opposite outcome if the accuser's and harasser's genders were swapped. *Id.* at *18. This evidence was presented by Hicks, who stated that an assistant director told him that if his complaint of "sexually abusive and offensive conduct

had been committed by Hicks [male] against a female, Cook County would have acted quickly and terminated Hicks's employment." *Id.* at *7; *see also id.* at *18.

It follows that discovery into a narrow set of sexual assault and harassment complaints submitted by males based on conduct that occurred at Defendant's worksite is relevant to compare the treatment of male versus female complainants. True, the student may not have been an employee, but the student was nonetheless at the City's fire department in a ride-along program. Thus, this incident is distinguishable from other incidents that may have occurred by fire department employees off-site or involve complainants that have no connection or relationship to the fire department. In addition, discovery into the investigation process of another sexual misconduct allegation against an employee can illuminate whether Defendant had a policy, custom, or practice of inadequately handling sexual misconduct allegations where the complainant is a female, as opposed to a male.

Defendant's response states that it produced documents concerning other internal complaints, including ones of sexual misconduct and discrimination, brought by both male and female CFD employees since 2013. Doc. [186] at 1. Defendant states that it did not produce documents responsive to Requests Nos. 7 and 8 because *non-employee* complaints are handled differently than employee complaints because they "involve a variety of different issues and considerations." Doc. [186]. However, the inquiry into Defendant's handling of a non-employee sexual misconduct complaint against its employee is nevertheless relevant to Defendant's treatment of its accused employees, whether Defendant treated accusers differently based on their gender, and whether these two components give rise to a *Monell* policy, custom, or practice. These are fundamental aspects of Plaintiffs' *Monell* case. The differences between the methods used for the investigation of employees versus non-employees complainants is an issue to be litigated at

5

another time. The Court's decision here only relates to relevancy in the context of Rule 26 to allow discovery into this matter, and certainly not relevancy as to admissibility under Rule 401 of the Federal Rules of Evidence at summary judgment or at trial.

Accordingly, the Court holds that Plaintiffs' Requests Nos. 7 and 8 seek relevant documents under Fed. R. Civ. P. 26(b)(1). *See* Doc. [169] at 3. Because the Court finds that Plaintiffs' Requests Nos. 7 and 8 are relevant to their *Monell* claims, the Court need not analyze whether these documents are relevant to Plaintiffs' Title VII pattern-or-practice claims. The Court also notes that it is an open question in this Circuit as to whether an individual can bring a pattern-or-practice claim under Title VII, as opposed to a class action claim. *See, e.g.*, *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 n.6 (7th Cir. 1985) ("Plaintiffs' use of 'pattern-or-practice' language also seems to be misplaced, since such suits . . . involve claims of classwide discrimination . . . and the five plaintiffs . . . have stated only their individual claims, not a class action.") (internal citations omitted); *Bhd. of Maint. of Way Employees Div. of the Int'l Bhd. of Teamsters v. Indiana Harbor Belt R. Co.*, No. 2:13 CV 18-PPS-APR, 2014 WL 4987972, at *2 n.1 (N.D. Ind. Oct. 7, 2014) ("Importantly, the Seventh Circuit has not yet addressed whether an individual can bring a pattern-or-practice claim").

Next, the Court addresses proportionality under Fed. R. Civ. P. 26(b)(1). Relevant documents need not be produced if doing so would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

First, the issue presented in Plaintiffs' *Monell* claims are important because they allege a policy that is so permanent and well-settled as to constitute a custom or usage within the force of law of discriminating against women based on their sex. *See, e.g.*, Doc. [1] at ¶ 454. Second, the amount in controversy in this case is potentially significant because it involves five plaintiffs' alleging claims for sexual misconduct. Third, it appears that Plaintiffs cannot access the information they requested through other means and Defendant is the only party that has access to the relevant documents. Fourth, the Court views Defendant's resources, the City of Chicago, to be greater that the five individual Plaintiffs who Defendant employs as paramedics. Fifth, Plaintiffs' requested documents are important to inquiring into the *Monell* claims, as discussed in detail above. Sixth, the parties' briefing suggests that Defendant's burden and expense of producing these documents would be minimal because it effectively requests documents that Defendant has already collected internally and was used in or led to a criminal trial. *See* Doc. [169-1] at 2. Importantly, Plaintiffs narrowly seek only documents related to one individual's complaint, and do not seek other types of discovery into this non-employee student's allegation. Nor do Plaintiffs seek discovery into other non-employee complaints. In any event, fact discovery is closed and the parties are not permitted to seek additional fact discovery at this time, except for the current proceedings before the district judge. Doc. [201]. Thus, the discovery request is narrowly tailored to avoid an undue burden to Defendants. Accordingly, the Court holds that Plaintiffs' Requests Nos. 7 and 8, Doc. [169] at 3, as limited by Plaintiffs to the one student incident, are proportional under Fed. R. Civ. P. 26(b)(1).

## Conclusion

For the reasons stated above, the Plaintiffs' Motion to Compel is granted. The requested documents shall be produced, under the Confidentiality Order entered in this case, on or before May 28, 2019.

**SO ORDERED.**

**Dated: May 20, 2019**

_____
**Sunil R. Harjani**
**United States Magistrate Judge**