# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,
JANE DOE 4, JANE DOE 5,

        Plaintiffs,

    v.

CITY OF CHICAGO, a municipal
Corporation,

        Defendant.

Case No. 18-cv-3054

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions for sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure. In Plaintiffs' motion, the Jane Does move to exclude an amended rebuttal expert report and some calculations of Defendant City of Chicago's expert, Dr. Malcolm Cohen. Doc. [255]. In the alternative, Plaintiffs request that the time for expert discovery be extended, so that Dr. Cohen's deposition may be reopened (at Defendant's expense), and so that Plaintiffs' expert, David Gibson, may amend his sur-rebuttal report. *Id.* at 8. In Defendant's motion, the Defendant moves to strike the witness disclosures for, and bar the testimony of, the husbands of Jane Doe 1 and Jane Doe 3. Doc. [267]. Defendant also requests that the Court award Defendant its reasonable costs associated with bringing the motion. *Id.* at 2.

For the reasons discussed below, both motions are granted in part and denied in part.

## BACKGROUND

On May 1, 2018, five paramedics initiated the instant action against the Chicago Fire Department (CFD). Doc. [1]. In their complaint, the Jane Doe Plaintiffs asserted claims against the CFD for hostile work environment, quid pro quo harassment, retaliation, and disparate

treatment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq. Id.* Plaintiffs also asserted a sex-discrimination claim under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.*

Now, after a year of exchanging documents and taking depositions, discovery has been completed. Fact discovery, with the exception of one additional round of ESI production, was ordered to close on April 29, 2019. Docs. [53, 207]. Expert discovery was ordered to close on September 13, 2019. Doc. [222]. As part of the Court's expert discovery scheduling order, Dr. Goldstein's report was to be served on July 26, 2019, and Dr. Cohen's report was to be served on Plaintiffs by August 9, 2019. Doc. [204]. The parties' present dispute involves each side's failure to abide by some of these discovery deadlines.

Plaintiffs' complaints concern Defendant's experts, Dr. Diana Goldstein and Dr. Malcolm Cohen. According to Plaintiffs, Defendant withdrew Dr. Goldstein as its expert on August 19, 2019 but failed to tell Dr. Cohen about that withdrawal until the morning of his deposition on September 3, 2019, despite the fact that Dr. Cohen's rebuttal expert report for Jane Doe 4 relied upon information from Dr. Goldstein's report. Doc. [255] at 1-3. Then, on September 6, 2019, Plaintiffs claim they were "completely surprised" when "Defendant tendered an amended rebuttal expert report for Jane Doe 4 . . . three business days before [Plaintiffs'] sur-rebuttal reports (based on Dr. Cohen's reports and deposition testimony) were due." *Id.* at 1-2. Plaintiffs further contend that on that same day, Defendant also "tendered an extremely untimely disclosure of Dr. Cohen's spreadsheet of calculations that he used and relied upon to rebut [Plaintiffs'] economic expert's report." *Id.* at 2.

Defendant takes issue with Plaintiffs' Amended Rule 26(a)(1) disclosures, which were served on September 10, 2019, more than four months after the close of fact discovery. Doc. [268] at 1. The amended disclosures included two new witnesses: Jane Doe 1's husband and Jane Doe 3's husband. *Id.* Defendant asserts that in Plaintiffs' initial Rule 26(a) disclosures, Plaintiffs included the husband of Jane Doe 2, but not the husbands of Jane Doe 1 or 3. *Id.* at 2. Then on April 10, 2019, Plaintiffs served amended Rule 26(a) disclosures, which added many new witnesses, but failed to disclose the husbands of Jane Doe 1 and Jane Doe 3. *Id.* Defendants state that they did not take the depositions of the husbands of Jane Doe 1 and Jane Doe 3 because they were not disclosed as witnesses, and because Plaintiffs' responses to other discovery requests indicated that the two husbands did not have any independent knowledge of the facts in the litigation, outside of privileged, marital communications. *Id.* at 2-3.

In response to these grievances on untimeliness, both parties move for sanctions under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless . . . .

Fed. R. Civ. P. 37(c)(1). In addition to, or instead of, prohibiting the use of the information or witness not properly disclosed or supplemented, Rule 37(c)(1) states that the Court:

> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

*Id.* To determine whether to impose sanctions under Rule 37(c)(1), the Court must undertake three major steps: (1) determine that a violation of Rule 26(a) or Rule 26(e) occurred; (2) determine whether the violation was substantially justified or harmless; and (3) choose an appropriate sanction for the violation, if one is found. *See, e.g., Schmelzer v. Muncy*, No. 3:16-CV-00290-GCS, 2019 WL 3842335 (S.D. Ill. Aug. 14, 2019) (finding a Rule 26(a) violation, then determining the violation was not substantially justified or harmless, and then calibrating the appropriate sanction); *Taylor v. Cook Cty. Sheriff's Office*, No. 13 C 1856, 2018 WL 4101510 (N.D. Ill. Aug. 28, 2018) (same).

Applying this three-step process to the timeliness grievances asserted by the parties, the Court finds, for the reasons discussed below, that the sanction of reasonable expenses on both parties under Rule 37(c)(1)(A) is the appropriate result here.

**A.      Plaintiffs' Motion Concerning Dr. Cohen**

Plaintiffs move to exclude Dr. Cohen's amended report for Jane Doe 4 and his spreadsheet and calculations relating to overtime and promotions, based on two purported discovery errors by Defendant. First, Plaintiffs assert that Defendant submitted an untimely amended expert disclosure for Jane Doe 4. Second, Plaintiffs argue that Defendant was late in producing calculations that Dr. Cohen relied on in rebutting Plaintiffs' expert, David Gibson.

**1.      Spreadsheet Produced on September 6, 2019**

Beginning with the spreadsheet of calculations relating to David Gibson, the Court first addresses whether the September 6, 2019 production of Dr. Cohen's spreadsheet constitutes a violation under Rule 26(a) or Rule 26(e) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) controls the disclosure of expert witnesses for experts who must provide a written report. It requires that an expert's report contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In terms of timing, a party must make its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Here, the Court has no trouble finding that Defendant violated Rule 26(a) when it produced Dr. Cohen's spreadsheet on September 6, 2019. As Defendant has properly conceded, "any calculations performed by Dr. Cohen should have been included with his expert reports on August 9, 2019." Doc. [273] at 4. Indeed, the Court ordered that Dr. Cohen's expert report be served on Plaintiffs' counsel by August 9, 2019. Doc. [204]. Under Rule 26(a)(2)(B) and (a)(2)(D), that meant Defendant needed to serve a report containing Dr. Cohen's opinions, "as well as the basis and reasons for those opinions" by August 9, 2019. *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996). A full and complete disclosure under Rule 26(a)(2)(B) thus required Defendant to produce all of the calculations that Dr. Cohen relied upon in forming his opinions. Case law in this circuit further supports this conclusion. *See Paramount Media Grp., Inc. v. Vill. of Bellwood*, 308 F.R.D. 162, 168 (N.D. Ill. 2015), *objections overruled*, No. 13 C 3994, 2015 WL 5307483 (N.D. Ill. Sept. 10, 2015) ("[W]here the expert brings [ ] experience or expertise to bear on hard numbers, those numbers have to be revealed."); *Alton Real Estate Investments, LLC v. Allied Waste Transp., Inc.*, No. 06-CV-0825-MJR-DGW, 2008 WL 4148577 (S.D. Ill. Sept. 3, 2008) (finding Rule 26 error where party failed to disclose expert's detailed measurements and calculations based

on those measurements prior to expert's deposition); *Espenscheid v. DirectSat USA, LLC*, No. 09-CV-625-BBC, 2011 WL 13209302 (W.D. Wis. May 12, 2011) (holding expert report did not comply with Rule 26(a)(2)(B) where exhibits and calculations were disclosed late). Defendant therefore violated Rule 26(a) in its late disclosure of Dr. Cohen's spreadsheet.

Having found a Rule 26(a) error, the Court next assesses whether Defendant's failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Whether a failure to comply with Rule 26(a) or (e) is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court." *Dynegy Mktg. & Trade v. Multiut Corp*., 648 F.3d 506, 514 (7th Cir. 2011) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The Court does not need to "make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Caterpillar*, 324 F.3d at 857 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co*., 170 F.3d 985, 993 (10th Cir. 1999)). However, courts in this Circuit weigh the following factors when determining whether a party's failure is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Here, under the first two *Caterpillar* factors, Defendant's error was not substantially justified or harmless. Plaintiffs prepared to take Dr. Cohen's deposition based on the report served on August 9, 2019. In that report, Dr. Cohen stated that Plaintiffs' expert, David Gibson, made assumptions regarding promotions that led to an increase in his calculated damages of over $640,000. Doc. [255-1] at 10. When Plaintiffs asked about this statement at Dr. Cohen's deposition on September 3, 2019, they learned for the first time that Dr. Cohen relied upon calculations in an Excel spreadsheet to come up with his $640,000 conclusion. *Id.* Then, after

learning about the spreadsheet, Plaintiffs did not receive the spreadsheet until September 6, 2019—three days after Dr. Cohen's deposition and three business days before Plaintiffs' sur-rebuttal reports were due. Doc. [255] at 5. If Dr. Cohen's spreadsheet had been properly disclosed on August 9, 2019, Plaintiffs would have had nearly four weeks to analyze the spreadsheet and discuss the calculations with their expert before deposing Dr. Cohen. Instead, because of Defendant's submission of the spreadsheet *after* the deposition had been completed, Plaintiffs did not have time to prepare specific deposition questions about the spreadsheet, and Plaintiffs were left with three business days to address the calculations with their sur-rebuttal expert, David Gibson. Plaintiffs were thus prejudiced by the late production of the spreadsheet.

Plaintiffs could not cure the prejudice caused by the late production either. With their sur-rebuttal report deadline (September 11, 2019) and the close of expert discovery (September 13, 2019) looming, there was not enough time. One week is hardly enough time to schedule a deposition, let alone review a spreadsheet with an expert, prepare for and take another deposition, and create a revised sur-rebuttal report. In this case, as Plaintiffs note, an extension of the expert discovery deadline was not an option, as the Court has previously stated that the expert discovery close date was a firm deadline. Doc. [255] at 7; Doc. [222].

The Court therefore finds that the first two *Caterpillar* factors, prejudice and opportunity to cure, demonstrate that Defendant's late production of Dr. Cohen's spreadsheet was not substantially justified or harmless. The Court is in good company in so finding. *See Alton*, 2008 WL 4148577 at *2 (finding plaintiff suffered prejudice as a result of defendant's late expert disclosures where plaintiff's expert did not have the benefit of the tardy information and where plaintiff's counsel was not able to thoroughly prepare to depose defendant's expert); *Espenscheid*, 2011 WL 13209302 at *4 (holding defendants were prejudiced by the late disclosure of plaintiffs'

expert's exhibits and calculations, reasoning "If defendants had received the exhibits and calculations used to create Dr. Lewin's damages report sooner, their own expert could have responded to those calculations and defendants could have had more than six days to review the exhibits and prepare for Dr. Lewin's deposition.").

At first blush, the third *Caterpillar* factor, disruption to trial, does not weigh in favor of sanctions here. The Court has not set a trial date yet. However, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery." *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010). *See also Trinity Homes, LLC v. Ohio Cas. Ins. Co. Grp.*, No. 1:04-CV-01920-SEB, 2011 WL 2261297, at *5 (S.D. Ind. June 8, 2011) ("The absence of a current trial setting does not render the late disclosures harmless. Missing expert disclosure deadlines tends to work particular havoc on case management."). In *Taylor v. Cook County Sheriff's Office, et al.*, the defendants, who failed to make a timely Rule 26(a)(1) disclosure, suggested that the plaintiff was not prejudiced because no trial date had been sent and discovery was ongoing. 2018 WL 4101510, at *4. The district court rejected the defendants' argument, holding that "the fact that no trial date yet has been set is not an adequate justification for failure to comply with discovery obligations." *Id.* The *Taylor* court further noted that the defendants' failure caused the plaintiff and the court to "expend unnecessary time and resources on a matter that should have been produced earlier . . . ." *Id.* So too here, Defendant's failure to timely produce Dr. Cohen's spreadsheet will result in the expenditure of unnecessary time and resources for something that should have been produced with Dr. Cohen's original report in August, regardless of whether a trial date had been set.

The fourth *Caterpillar* factor is not met here, as the Court does not find that Defendant acted willfully or in bad faith. However, under Rule 37, "a showing of willfulness, bad faith, or

fault is necessary only when dismissal or default is imposed as a discovery sanction." *Taylor*, 2018 WL 4101510, at *3 (quoting *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011)). Negligence is "a degree of fault sufficient for imposing sanctions." *Id.* In this case, Defendant asserts that it learned about Dr. Cohen's spreadsheet at the same time Plaintiffs did, during Dr. Cohen's deposition. Doc. [273] at 4. The Court has no reason to believe that Defendant purposefully withheld Dr. Cohen's spreadsheet from Plaintiffs, and Plaintiffs do not suggest otherwise. This is a case of negligence—not intentional conduct. In any event, the Court finds that the prejudice suffered by Plaintiffs and their inability to cure that prejudice are dispositive on this issue.

While Defendant admits the spreadsheet should have been produced on August 9, 2019, Defendant argues that exclusion under Rule 37(c)(1) is not appropriate in this case. Defendant asserts that the calculations in the spreadsheet originate from Plaintiffs' expert, David Gibson. Doc. [273] at 5. Defendant further argues that Plaintiffs could have taken a break during the deposition to review the calculations at the time of the deposition. *Id.* at 6. According to Defendant, that is what it did when 44 pages of additional documents were produced at the deposition of David Gibson. *Id.* at 7.

Neither of Defendant's justifications persuade the Court that Defendant's late production was substantially justified or harmless. Dr. Cohen is an expert rebutting Plaintiffs' expert, David Gibson. That Dr. Cohen's calculations originate in calculations formed by David Gibson is not surprising; nor does it eliminate the prejudice caused by having a five-page spreadsheet produced three days after an expert's deposition. *See* Doc. [273] at Ex. E. Even if Dr. Cohen's calculations "simply involved subtracting" David Gibson's numbers, *id.* at 6, Plaintiffs were nevertheless prejudiced because they did not have sufficient time to review that subtraction with their expert or

prepare deposition questions in advance of the deposition. When Plaintiffs attempted to question Dr. Cohen on the spreadsheet calculations, without the spreadsheet in front of him, he was unable to provide meaningful testimony on his underlying calculations. Doc. [275] at 4. Defendant's claim that Plaintiffs should have taken a break during the deposition to review the calculations likewise fails. Assuming that Defendant could have produced the spreadsheet on the day of Dr. Cohen's deposition,[1] a one-hour or even two-hour break does not make up for the weeks lost by the late disclosure, during which time Plaintiffs could have consulted with their expert. Accordingly, the Court finds that Defendant's late disclosure of Dr. Cohen's spreadsheet was not substantially justified or harmless.

### 2. Amended Rebuttal Report for Jane Doe 4

Turning next to Dr. Cohen's amended rebuttal report for Jane Doe 4, the Court must first determine whether a violation of Rule 26(a) or Rule 26(e) has occurred. Plaintiffs complain that Defendant withdrew its other expert, Dr. Goldstein, on August 19, 2019, but failed to tell Dr. Cohen about that withdrawal until the morning of his deposition, even though Dr. Cohen's report on Jane Doe 4 quoted Dr. Goldstein. Then, three days after Dr. Cohen's deposition, Defendant submitted a revised report for Jane Doe 4, which scrubbed any mention of Dr. Goldstein. Because Defendant did not decide to withdraw Dr. Goldstein until after Dr. Cohen's expert disclosure was due, Dr. Cohen's amended rebuttal report for Jane Doe 4 is best framed as a supplement to his initial report. Supplemental disclosures "are permitted when they are based on information acquired subsequent to the original disclosure, or a realization that the original disclosure was incomplete or incorrect." *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 2005 WL 1300763, at *2

---

[1] Plaintiffs argue that the spreadsheet could not have been produced at Dr. Cohen's deposition because Dr. Cohen represented that it would take a long time to retrieve the spreadsheet. Doc. [275] at 4 n.1.

(N.D. Ill. Feb. 22, 2005). Rule 26(e)(2) governs the supplementing of expert disclosures. It provides: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). According to Rule 26(a)(3)(B), "[u]nless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Here, it is not clear that Defendant's amended report for Jane Doe 4 violates Rule 26(e). Because the Court has not set a deadline for supplemental disclosures, Rule 26(e) requires that additions or changes to Dr. Cohen's report be disclosed at least 30 days prior to trial. Thus, Defendant technically submitted Dr. Cohen's amended report more than 30 days prior to trial because a trial date has not yet been ordered. Defendant's submission was prior to the close of expert discovery on September 13, 2019 as well. By its plain terms, Defendant appears to have honored Rule 26(e).

Plaintiffs suggest that Defendant should have sought leave of court to amend Dr. Cohen's expert report after the August 9, 2019 deadline for his original report. Doc. [3] at 3. It is certainly true that parties cannot use Rule 26(e)'s supplemental disclosure obligation to extend original deadlines or "sandbag one's opponent with claims and issues which should have been included in the original report." *Trinity Homes*, 2011 WL 2261297, at *3 (internal quotation marks and citation omitted). Nor can parties issue new expert opinions under the guise of supplements. *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 807 (N.D.Ill.2005) ("[i]f the late-filed opinions are new, they must be stricken . . . Thus, the Court's first step is to determine whether the statements by [the expert] are new or contradictory opinions.").

However, it is the party's duty to supplement its expert disclosures when the party learns that something is incorrect with the original report; leave of court is not required. *Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 22012673, at *7 (N.D. Ill. Aug. 25, 2003) ("Federal Rule of Civil Procedure 26(e)(1) imposes an *obligation* to supplement an expert disclosure if the party learns that in some material respect the information disclosed is incomplete or incorrect. The Rule does not suggest that leave of court is required.") (internal quotation marks and citation omitted) (emphasis in original); *Dr Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2016 WL 4077107, at *2 (N.D. Ill. Aug. 1, 2016) ("When experts discover that something in their reports or depositions must be changed, experts *must* issue supplements pursuant to Rule 26(e)(2) . . . Here, the parties have approached the problem backwards—defendants have sought permission (which they did not need) to offer a supplemental report (which was their duty) . . . .") (citation omitted) (emphasis in original).

Applying those principles to the facts of this case, Dr. Cohen's amended rebuttal report for Jane Doe 4 does not constitute an unfair supplement under Rule 26(e)(2). As an initial matter, Dr. Cohen's amended rebuttal report does not contain any new opinions. Instead, the amended report "deleted the reference to Dr. Goldstein's report from the list of documents reviewed and deleted five sentences and a single phrase from the report which referenced Dr. Goldstein." Doc. [273] at 3; *see* Doc. [275] at 2. The amended rebuttal report for Jane Doe 4 did not change Dr. Cohen's original opinion about Jane Doe 4 either. Rather, the amended rebuttal report simply removed any evidence of Dr. Cohen's reliance on Dr. Goldstein. The Court therefore cannot see how the amended rebuttal report is improper under Rule 26(e).

Even if the Court did find that Defendant's submission of the amended rebuttal report violated Rule 26(e), the violation appears substantially justified or harmless. Plaintiffs argue that

they were prejudiced by Dr. Cohen's amended rebuttal report for two reasons. First, they claim that if the amended report stands, they will be "unable to challenge Dr. Cohen's reliance on Dr. Goldstein to form some of his conclusions in the original report and limit both what is presented at summary judgment and at trial." Doc. [275] at 3. Second, Plaintiffs state that they spent "significant time and money both preparing and deposing Dr. Cohen based on reports he submitted on August 9." *Id.* Plaintiffs' former assertion is meritless, while the latter could have been—and already has been to a certain extent—cured. The amended rebuttal report does not make Dr. Cohen's original report disappear. Plaintiffs will still be able to use the original report, and the amended report that they assert "magically erases Dr. Goldstein and her influence on Dr. Cohen's report for Jane Doe 4," to impeach Dr. Cohen's credibility.[2] The Court is sympathetic to Plaintiffs' issues with regard to the time and money spent preparing for Dr. Cohen's deposition. However, as Plaintiffs concede, they were on notice as early as August 19, 2019 that Defendant was withdrawing any and all reliance on Dr. Goldstein. *See, e.g.*, Doc. [255] at 2. Plaintiffs were also able to probe Dr. Cohen's reliance on Dr. Goldstein. Specifically, Plaintiffs were able to ask whether Dr. Goldstein's report played a role in the creation of Dr. Cohen's report. *Id.* at 3-4. Plaintiffs were also able to secure an admission from Dr. Cohen that he considered Dr. Goldstein's report to be significant and confirmatory of his opinion. *Id.* at 3. In contrast to Defendant's late submission of underlying calculations that should have been submitted with Dr. Cohen's original report, the amended rebuttal report was relatively harmless.

---

[2] To the extent Plaintiffs are arguing that Defendant violated Rule 26(a)(2)(B)(i) & (ii) by deleting one of the bases for Dr. Cohen's opinion, *see* Doc. [275] at 2, and seek to wholly exclude certain opinions in a trial, that argument is better addressed in a motion *in limine* prior to trial.

**B.      Defendant's Motion to Strike Untimely Witness Disclosures**

Turning to Defendant's motion to strike the untimely witness disclosures of the husbands of Jane Doe 1 and Jane Doe 3, Doc. [267], the Court must, once more, address whether there has been a violation of Rule 26(a) or Rule 26(e). Defendant's central claim is that "[m]ore than four months after fact discovery closed . . . Plaintiffs served Amended Rule 26(a)(1) disclosures on Defendant [which] included two new witnesses: Jane Doe 1's husband and Jane Doe 3's husband." Doc. [268] at 1. Rule 26(a)(1) requires that a party "provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Unless a different time is "set by stipulation or court order," the initial disclosures must be made "within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Under Rule 26(e)(1), "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Plaintiffs' correction of its initial disclosures, and the resulting addition of two new witnesses, four months after the close of fact discovery, violates Rule 26(e). First, Plaintiffs' correction of its initial disclosures was not timely. The tardiness is stark, considering Plaintiffs' inclusion of the husband of Jane Doe 2 (but not the husbands of Jane Doe 1 and Jane Doe 3) on March 25, 2019, as well as Plaintiffs' first set of amended initial disclosures from April 10, 2019, which also failed to include the husbands of Jane Doe 1 and Jane Doe 3 as witnesses.

Plaintiffs concede that the current disclosure is untimely, and the failure to identify these witnesses or supplement its disclosures earlier was inadvertent. Doc. [276] at 1. However, Plaintiffs argue that the husbands of Jane Doe 1 and Jane Doe 3 were "made known" to Defendant in the course of discovery. In support of this argument, Plaintiffs state that on November 9, 2018, Defendant stated its intent to depose the Jane Doe spouses. *Id.* at 1. Plaintiffs additionally list the instances in which the husbands of Jane Doe 1 or Jane Doe 3 were mentioned or discussed throughout discovery. *See id.* at 2-5. For example, Plaintiffs provide the number of times Jane Doe 1's husband was discussed in the depositions of others. *Id.* at 2. Plaintiffs also cite mentions of the spouses in the complaint and Plaintiffs' interrogatory responses as evidence that the Defendant was aware of the husbands of Jane Doe 1 and Jane Doe 3. Plaintiffs refer to three cases in support of their position as well: (1) *Wells v. Berger, Newmark & Fenchel, P.C.*, No. CIV.A. 07 C 3061, 2008 WL 4365972 (N.D. Ill. Mar. 18, 2008); (2) *Buffone v. Rosebud Restaurants, Inc.*, No. CIV.A. 05C5551, 2006 WL 2425327 (N.D. Ill. Aug. 21, 2006); and (3) *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003). *Id.* at 5-6.

Plaintiffs' cases and reasons do not convince the Court that Defendant was sufficiently on notice in this case to satisfy Rule 26(e)(1). To begin, each of the cases cited by Plaintiffs is distinguishable from the facts here because of the marital privilege issue at play. That is, unlike the complaining parties in *Wells*, *Buffone*, and *Caterpillar*, Defendant here considered and ruled out the husbands of Jane Doe 1 and Jane Doe 3 as deponents because Plaintiffs had indicated in discovery responses that the husbands of Jane Doe 1 and Jane Doe 3 did not have responsive information that was not protected by marital privilege.

In *Wells*, a sexual harassment case, the defendant employer moved to exclude four witnesses, former employees of the defendant, who were disclosed in the plaintiff employee's

amended Rule 26(a)(1) disclosures two days before discovery closed. 2008 WL 4365972 at *2-*3. The plaintiff in *Wells* argued that the witnesses were properly disclosed in discovery, and that to the extent the disclosures were untimely, there was no prejudice to the defendant. *Id.* at *2. The *Wells* court agreed, reasoning that one of the contested witnesses was made known during a deposition, while the other three witnesses' addresses had been provided to defendant before the litigation even began. *Id.* at 3. The Court further observed that if defendant "was prejudiced by the late disclosure, it could have sought a limited extension of discovery to depose these former employees." *Id.* The defendant in *Wells*, unlike the Defendant in this case, had no reason to think that the former employees discussed during discovery were off limits due to any privilege issues. Additionally, the *Wells* defendant's failure to seek to depose the former employees upon receiving the amended Rule 26(a)(1) signaled a lack of prejudice to the court. Here, Defendant specifically requested that Plaintiffs file a motion to reopen discovery and present the husbands of Jane Doe 1 and Jane Doe 3, in order to cure the prejudice resulting from the late disclosures. Doc. [268] at 5. Plaintiffs have refused to present the witnesses because they do not want to give Defendant "a second bite at the apple when discovery is closed." Doc. [276] at 8. *Wells* is dissimilar to this case.

  *Buffone* is likewise inapposite. In *Buffone*, the defendant employer in a Pregnancy Discrimination Act case moved to bar the testimony of plaintiff's mother. 2006 WL 2425327, at *3. Defendant claimed that it did not learn about plaintiff's mother until 13 days before discovery closed, and that there was insufficient time to depose her before the close of discovery. *Id.* Plaintiff responded that her mother had been disclosed during Plaintiff's deposition and submitted an "e-mail showing that despite her offer to assist in arranging [the mother's] deposition, [defendant] failed to exercise due diligence." *Id.* The *Buffone* court found plaintiff's arguments persuasive, stating that defendant's decision to depose the Plaintiff near the end of the discovery period

"resulted in a foreseeably short time to follow up on [plaintiff's] deposition." *Id.* Even so, the court reflected, defendant had nearly two weeks before the close of discovery to depose plaintiff's mother but failed to do so. *Id.* Defendant's failure here to depose the husbands of Jane Doe 1 and Jane Doe 3 did not result from Defendant's lack of diligence. Instead, Defendant was led to believe that the husbands of Jane Doe 1 and Jane Doe 3 would not have non-privileged, relevant information. Additionally, Defendant could not take the depositions once it learned otherwise because, by that time, fact discovery had been closed for over four months. *Buffone*'s facts thus do not square with the facts of this case.

Finally, *Caterpillar* is the least similar of the cases asserted by Plaintiffs. In that case, the district court had concluded that the exclusion of a witness' testimony was not required under Rule 37 as a sanction for plaintiff's "failure to timely disclose the *substance* of [the witness'] testimony." 324 F.3d at 856 (emphasis added). In coming to its conclusion, the district court noted that the contested witness had been "listed as a potential witness nearly a year and one-half before trial." *Id.* at 857. The court also observed that defendant did not seek a continuance to obtain additional information to rebut the contested witness' testimony. *Id.* Defendant, moreover, had introduced evidence at trial that directly rebutted the contested witness' testimony that defendant was complaining about. *Id. Caterpillar* is easily distinguished. Specifically, the Seventh Circuit upheld the district court's finding in light of several facts that are clearly not present in this litigation: defendant knew the contested witness was a potential witness for eighteen months; the defendant had interviewed the contested witness "and learned the subject of his testimony prior to trial"; defendant did not seek a continuance; and defendant was able to directly rebut the contested testimony at trial. *Id.* at 858. Accordingly, *Caterpillar* is inapplicable to the situation here.

Defendant argues that "knowing an individual exists does not equate with knowing that the witness[] has discoverable information related to the claims or defenses at issue in the suit, let alone that the witness has first-hand knowledge of admissible evidence and may testify at trial." Doc. [281] at 1-2. The Court agrees. When a party discloses witnesses on their Rule 26(a)(1) disclosure, it signals that a party may seek to call these witnesses in their case-in-chief at trial. That, in turn, alerts the opposing party that deposing those witnesses may be necessary in order to learn the substance of their testimony, and to ensure that they do not hear the testimony for the first time at trial. Here, with Plaintiffs' failure to timely disclose these two witnesses, Defendant is now in a position where it does not know the substance of the witnesses' non-privileged testimony, and Defendant has not had the opportunity to explore the bases for their testimony, examine their credibility, question them on relevant documents, or identify areas of impeachment, if any. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) & Advisory Committee Comments to 1993 Amendments ("As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed."). *See also Smith v. Aurora Public Schools*, 318 F.R.D. 429, 431 (D. Colo. 2016) (noting "If one party lists a potential witness on its Rule 26 disclosures, the other parties know that they might see or hear that person's testimony for the first time at summary judgment or trial. The other parties can then make a calculated decision whether to seek discovery from that person and thereby mitigate the possibility of surprise . . . ."). Plaintiffs' disclosure of those witnesses 4 months after the close of discovery therefore violated Rule 26(e)(1) of the Federal Rules of Civil Procedure.

In light of the Court's finding that Plaintiffs violated Rule 26(e), the Court must apply the *Caterpillar* factors to determine whether Plaintiffs' discovery failure was substantially justified or harmless. The first two *Caterpillar* factors, prejudice and opportunity to cure, clearly indicate that Plaintiffs' failure was not substantially justified or harmless. Defendant has suffered harm in light of Plaintiffs' late disclosure of witnesses. Defendant has been deprived the opportunity to depose these witnesses as a result of the late disclosures, and the late witness disclosures could have impacted other decisions made during the course of litigation. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010), aff'd, 768 F.3d 843 (9th Cir. 2014) (discussing harms that could arise as the result of tardy witness disclosures). Because fact discovery had been closed for over four months by the time Defendant learned that Plaintiffs planned on utilizing the husbands of Jane Doe 1 and Jane Doe 3 to support their claim, Defendant could not cure the prejudice without the cooperation of Plaintiffs, and an order from this Court reopening discovery. The Court therefore finds that the first two *Caterpillar* factors demonstrate the harm and lack of justification in Plaintiffs' failure.

As discussed above in the Court's analysis on Dr. Cohen's tardy spreadsheet production, the third *Caterpillar* factor, disruption to trial, is not determinative in this case. The Court's prior analysis with respect to the fourth *Caterpillar* factor applies here as well. The Court has no reason to believe that Plaintiffs' failure to identify the husbands of Jane Doe 1 and Jane Doe 3 as witnesses was willful or in bad faith. However, the Court does not need to make such a finding to determine that Plaintiffs' Rule 26(e)(2) failure was not substantially justified or harmless. Due to the prejudice suffered by Defendant that it was not able to cure, the Court finds that Plaintiffs' Rule 26(e) failure was not harmless or substantially justified.

**C.     Appropriate Sanctions for Plaintiffs and Defendant**

Having established that both Plaintiffs and Defendant have committed violations of Rule 26(a) and Rule 26(e) that were not substantially justified or harmless, the Court must next address the appropriate sanctions that should be imposed for the violations.  Specifically, the violations found are the late production of Dr. Cohen's spreadsheets and Plaintiffs' failure to timely disclose the husbands of Jane Doe 1 and Jane Doe 3.

Rule 37(c)(1) provides the sanction of exclusion for unjustified, harmful violations of Rule 26(a) and Rule 26(e).  Yet, the Seventh Circuit has cautioned courts to consider the alternative sanctions available to them, including the payment of reasonable expenses under Rule 37(c)(1)(A). *Musser v. Gentiva Health Servs*., 356 F.3d 751, 760 (7th Cir. 2004).  Exclusion is an extreme and harsh remedy. *See Duff v. Grandberry*, No. 14 CV 8967, 2017 WL 1375539, at *2 (N.D. Ill. Apr. 17, 2017).  "In the normal course of events, justice is dispensed by the hearing of cases on their merits." *Musser,* 356 F.3d at 759 (internal quotation marks and citation omitted).  "A Rule 37(c)(1) sanction 'must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.'" *Weistock v. Midwestern Reg'l Med. Ctr.*, No. 07 C 1678, 2010 WL 1655449, at *3 (N.D. Ill. Apr. 23, 2010) (quoting *Salgado by Salgado v. Gen. Motors Corp*., 150 F.3d 735, 740 (7th Cir.1998)).

The exclusions asked for by each party are too severe, given the status of the case. Plaintiffs ask that Dr. Cohen's amended rebuttal report for Jane Doe 4 be stricken, and that his spreadsheet and calculations relating to overtime and promotions be stricken, as well as any references to those calculations in his report.  Defendant asks that Plaintiffs be barred from calling the husbands of Jane Doe 1 and Jane Doe 3 as witnesses or relying on them as witnesses in any way.  However, at this stage in the litigation, the Court can order a cure for the prejudice caused

by each party's discovery failures, while still allowing the case to be heard on its merits. Because no trial date is in place, and summary judgment briefing has not yet commenced, the Court can reopen discovery for the limited purpose of addressing the discovery issues relating to Dr. Cohen's spreadsheets and the husbands of Jane Doe 1 and Jane Doe 3.

In this case, the additional punishment that fits the crime—for Plaintiffs and Defendant— is the payment of reasonable expenses under Rule 37(c)(1)(A). More specifically, the Court orders that each party shall pay the reasonable expenses for the briefing of their respective motions, and for depositions growing out of the party's discovery failure. For Plaintiffs, that means Plaintiffs shall pay Defendant "the reasonable expenses, including attorney's fees," for the briefing on Plaintiffs' failure to timely disclose the husbands of Jane Doe 1 and Jane Doe 3. Fed. R. Civ. P. 37(c)(1)(A). Plaintiffs shall further pay for the court reporters utilized in the depositions of the husbands of Jane Doe 1 and Jane Doe 3. Defendant, in turn, shall pay Plaintiffs the reasonable expenses, including attorney's fees, for the briefing on Defendant's motion to exclude Dr. Cohen. In addition, Defendant will pay for the court reporter utilized in the reopened deposition of Dr. Cohen.

Ordering a party to bear certain costs necessitated by the reopening of a deposition, such as the cost of a court reporter, is a tried-and-true sanction in this Circuit. *Schmelzer v. Muncy*, 2019 WL 3842335, provides an example. In *Schmelzer*, a personal injury case, the court found that the plaintiff violated Rule 26(a)(2)(c) when he failed to formally designate his treating physicians as expert witnesses. *Id.* at *3. The court found that the plaintiff's Rule 26(a)(2)(c) violation was not harmless because the defendants, who had already deposed the plaintiff's treating physicians as non-experts, were denied the opportunity to depose the treating physicians as expert witnesses. *Id.* at *5. In order to cure the prejudice caused by the plaintiff's designation failure, the

court allowed the defendants to re-depose the treating physicians for 2.5 hours on their qualifications, opinions, and other topics that the defendants would have asked about at the original depositions, had the witnesses been properly disclosed as experts. *Id.* at *7. The court also ordered that the plaintiff pay for witness fees, court reporter fees, fees for copies of documents, and attorney's fees incurred during the reopened depositions. *Id.*

Courts in this circuit have employed various forms of this deposition fee sanction. *See Taylor*, 2018 WL 4101510, at *5 (ordering violating party to pay the costs for reconvening concluded depositions, including the attorney's fees for one of the opposing lawyers to attend the depositions); *Duff*, 2017 WL 1375539, at *3 (ordering violating party to provide amended report for its expert and pay for the cost of the expert's time and travel in attending any subsequent deposition, as well as the court reporter and transcript fees); *Cent. States, Se. & Sw. Areas Pension Fund v. Nagy Ready Mix, Inc.*, No. 10 CV 0358, 2012 WL 6720447, at *4 (N.D. Ill. Dec. 27, 2012) (ordering violating party to pay for other party's reasonable costs and fees associated with preparing for and attending witness' deposition). Here, the Court finds the deposition cost sanctions should be limited to the court reporter fees, as an award of attorney's fees would be too harsh.

While the Court has found that the amendment to Dr. Cohen's supplemental report was not improper, and in any event, harmless, the Court will allow Plaintiff to question Dr. Cohen about the amended report because it came after his deposition. Since the Court is allowing a re-deposition to occur anyway, it makes sense to include this area of questioning to ensure that no further disputes will arise from the amended report. The Court will also permit Plaintiffs to amend Dr. Gibson's report accordingly.

The Court exercises its substantial discretion in managing discovery and ensuring that its orders are complied with through these Rule 37 sanctions. The sanctions imposed here are proportionate to the discovery failures. Even though the Court is addressing the prejudice caused by allowing the limited reopening of fact and expert discovery to cure these errors, curing the harm through additional discovery is not the Court's only concern. There must be additional consequences for discovery violations that affect the orderly administration of discovery and to enforce the Court's deadline, which parties rely upon and take seriously, even if the violation is done inadvertently or unintentionally. Accordingly, the Court finds that the payment of the fees and expenses identified above are proportional to the violations and appropriate to address the discovery failures.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Exclude Amended Rebuttal Expert Report and Exclude and Strike All Overtime and Promotion Calculations Based on Defendant's Untimely Disclosure or in the Alternative, Extend Expert Discovery to Allow Dr. Cohen's Deposition to be Reopened and Gibson's Sur-Rebuttal Report to be Amended [255] is granted in part and denied in part. Expert discovery will be reopened on a limited basis, so that Plaintiffs may re-depose Dr. Cohen. That deposition will be limited to questions concerning the spreadsheet of calculations produced on September 6, 2019, as well as Dr. Cohen's amended rebuttal report for Jane Doe 4. The deposition shall take no longer than three hours. Plaintiffs will additionally have 14 days from that deposition to amend the sur-rebuttal report of David Gibson. Defendant will pay the reasonable expenses that Plaintiffs incurred in bringing this motion, as well as the fees for the court reporter in connection with the deposition of Dr. Cohen.

Defendant's Motion to Strike Untimely Witness Disclosures and Bar Witnesses [267] is granted in part and denied in part. Fact discovery will be reopened on a limited basis, so that Defendant can depose the husbands of Jane Doe 1 and Jane Doe 3. Plaintiffs will pay the reasonable expenses that Defendant incurred in bringing its motion, as well as the fees of the court reporters in connection with the depositions of the husbands of Jane Doe 1 and Jane Doe 3.

These orders, and the discovery tasks identified in this opinion, shall be complied with by November 22, 2019.

**SO ORDERED.**

Dated: October 18, 2019

_____
Sunil R. Harjani
United States Magistrate Judge