IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5,<br>     Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal Corporation,<br>     Defendant. | Case No. 1:18-cv-3054<br>Judge Ronald A. Guzman<br>Magistrate Judge Sunil R. Harjani |

**PLAINTIFFS' LOCAL RULE 56.1(b)(3)(C) STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Jane Doe 1, 3, 4, & 5, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b)(3)(C), submits the following statement of undisputed material facts in support of its Cross-Motion for Partial Summary Judgment.

1. Jane Doe 1 charged the City of Chicago with sexual harassment, in violation of the Illinois Human Rights Act ("IHRA"), for creating a hostile work environment. (Dkt. 1, ¶ 88).

2. Jane Doe 3 charged the City of Chicago with sexual harassment, in violation of the IHRA, for creating a hostile work environment. (Dkt. 1, ¶ 307).

3. Jane Doe 4 charged the City of Chicago with sexual harassment, in violation of the IHRA, for creating a hostile work environment. (Dkt. 1, ¶ 384).

4. Jane Doe 5 charged the City of Chicago with sexual harassment, in violation of the IHRA, for creating a hostile work environment. (Dkt. 1, ¶ 438).

5. Jane Doe 1 asserted she was subjected to sexual harassment by her supervisor, Field Chief Richard Raney. (Dkt. 1, ¶ 13; EXH. A- Def. SOF ¶ 25; EXH. B- DOE.DEF.3844-45).

6. Jane Does 3, 4, and 5 asserted that they were subjected to sexual harassment by their supervisor, Ambulance Commander, George Bedon. (Dkt. 1, ¶¶ 260, 330, 387, 418-424, 432-34; EXH. A- Def. SOF ¶ 86; EXH. D, DOE.DEF.3863-64).

7. The City's EEO Division, which is contained within the Department of Human Resources, is responsible for investigating complaint related to discrimination, harassment, or retaliation. (EXH. A- Def. SOF ¶ 13, EXH C., Dkt. 297-14, Declaration of Mark Pando, ¶¶ 2, 2[sic]).

## JANE DOE 1

8. The Defendant's Department of Human Resources received a complaint of sexual harassment from CFD Paramedic Jane Doe 1 against her supervisor, Richard Raney, in October 2017. (EXH. B- DOE.DEF.3857-3858).

9. From October 2017 through his resignation, Field Chief Richard Raney was Jane Doe 1's superior. (EXH. E, p. 3- JD 1, RFA #2, 3).

10. From October 2017 through his resignation, Richard Raney held a higher rank than Jane Doe 1. (EXH. E, p. 3- JD 1, RFA #2, 3).

11. Defendant completed an investigation and drafted a report: 2017 EEO 72. (EXH. B).

12. Investigation Report 2017 EEO 72 is a true and accurate copy which pertains to complaints made against Richard Raney by Jane Doe 1. (EXH. C- Dkt. 297-14, Declaration of Mark Pando, ¶¶ 7, 8).

13. On July 24, 2018, the Defendant's Department of Human Resources, Diversity and Equal Employment Opportunity ("EEO") Division completed its investigation and sustained the allegations against Jane Doe 1's Field Chief, Richard Raney. (EXH. A- Def. SOF ¶ 43; EXH. C- Dkt. 297-14, Declaration of Mark Pando, ¶ 7).

14. The Defendant's EEO concluded that Raney engaged in sexual harassment when he spoke to Jane Doe 1 and sent multiple text messages of a sexual nature. (EXH. B- DOE.DEF.3857-58).

15. The Defendant's EEO report noted that "Raney's communications with [Jane Doe 1] are particularly egregious considering that he is a ranking supervisor at CFD…" (EXH. B- DOE.DEF.3858).

16. Defendant concluded that there was "sufficient evidence to support a finding that Richard Raney violated the City's Diversity and Equal Employment Opportunity Policy by subjecting [Jane Doe 1] to sexual harassment in October 2017." (EXH. B- DOE.DEF.3858).

17. The Defendant's internal investigation by its EEO Division, concluded that Jane Doe was sexually harassed by Richard Raney in violation of the City's EEO policy. (EXH. B- DOE.DEF.3858).

### JANE DOES 3, 4, & 5

18. The Defendant's Department of Human Resources received complaints of sexual harassment from CFD Paramedics Jane Doe 3, Jane Doe 4, and Jane Doe 5 against their supervisor, Ambulance Commander George Bedon. (EXH. D- DOE.DEF.3863-64).

19. For all incidents of sexual harassment contained in Plaintiffs' Complaint (Dkt. 1), Ambulance Commander George Bedon acted as Jane Does 3, 4, and 5's superior officer. (EXH. D- DOE.DEF.3884)

20. For each incident contained in the complaint, George Bedon outranked Jane Doe 3, 4, and 5. (EXH. E, pp. 12, 13- JD 3, RFA #1, 3; pp. 15, 16- JD 4, RFA #2, 4; pp. 18, 19- JD 5, RFA #2, 4).

21. Defendant's EEO completed an investigation and drafted a report: 2017 EEO 74. (EXH. D; EXH. C, Dkt. 297-14, Declaration of Mark Pando, ¶¶ 5, 6).

3

22. Investigation Report 2017 EEO 74 is a true and accurate copy which pertains to complaints made against George Bedon by Jane Does 3, 4, and 5. (EXH. C, Dkt. 297-14, Declaration of Mark Pando, ¶ 6; EXH. E, p. 13- JD 3, RFA #4).

23. On October 17, 2018, the Defendant's EEO completed its investigation and concluded there was sufficient evidence to support a finding that Bedon violated the Defendant's policies related to sexual harassment. (EXH. A- Def. SOF ¶ 168; EXH C, Dkt. 297-14, Declaration of Mark Pando, ¶ 5).

24. Defendant's EEO report stated that Bedon's behavior, "a consistent pattern of unwelcome sexual advances and physical conduct is particularly egregious considering that he is a ranking supervisor at CFD…" (EXH. D- DOE.DEF.3884).

25. Defendant admitted that its Department of Human Resources, EEO division, determined that George Bedon violated the City of Chicago's Diversity and EEO Policy by subjecting Jane Does 3, 4, and 5 (along with five other women) to sexual harassment as defined by the City of Chicago's Diversity and EEO Policy. (EXH. E, p. 13-14- JD 3, RFA #5; p. 15- JD 4, RFA #1; p. 18- JD 5, RFA #1).

**IHRA**

26. The IHRA defines sexual harassment as: "Sexual harassment" means any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2-101(E).

27. The City of Chicago is an employer as defined by the IHRA. (EXH. F, ¶ 11).

28. Illinois employers had 90 days from 1/1/13 to establish and carry out a sexual harassment program that included the distribution of a sexual harassment policy. 775 ILCS 5/2-105(B)(5).

## **CITY OF CHICAGO'S EEO POLICY**

29. CFD adopted the EEO Policy in G.O. 13-010 as CFD's Sexual Harassment Policy and Procedure. (EXH. G- DOE.DEF.15299).

30. Defendant's EEO Policy went into effect on April 17, 2013. (**EXH. G- DOE.DEF.15299**)

31. The Defendant's EEO policy states as follows: "Sexual harassment includes any unwelcome sexual advance, or request for sexual favors or conduct of a sexual nature when:

    - submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment or receipt of City services;
    - submission to or rejection of such conduct by an individual is used as the basis of an employment or service decision affecting the individual; or
    - such conduct has the purpose or effect of substantially interfering with the work performance of an employee or creating an intimidating, hostile or offensive working environment."

    City of Chicago Diversity and EEO Policy (EXH. A- Def. SOF ¶¶ 7, 8; EXH. I, DOE.DEF.000303-304).

32. CFD accepted EEO's recommendation that Bedon's employment be terminated, and he resigned in-lieu-of discharge. (Dkt. 300, p. 13; EXH. A- Def. SOF ¶ 174; EXH. J, DOE.DEF.015089-90).

33. CFD increased the number of suspension days the EEO recommended Raney serve and he also resigned. (Dkt. 300, p. 13; EXH. A- Def. SOF ¶ 44-45; EXH. H, Hogan Dep. at 74-77).

Dated: December 11, 2019

Respectfully Submitted,

**JANE DOE 1, JANE DOE 3, JANE DOE 4, & JANE DOE 5**

By:<u>*/s/Hannah V. Garst*</u>
<u>One of Plaintiffs' Attorneys</u>

Hannah V. Garst (#6279954)
The Law Offices of Hannah Garst, P.C.
121 S. Wilke Road, Suite 301
Arlington Heights, IL 60005
(773) 248-6504
hannahgarst@garstlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, I provided service to all persons of record by Electronic Filing through the CM/ECF system in the Northern District of Illinois a copy of the following **PLAINTIFFS' LOCAL RULE 56.1(b)(3)(C) STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT.**

                                          */s/ Hannah V. Garst*
                                          Hannah V. Garst (#6279954)
                                          The Law Offices of Hannah Garst, P.C.
                                          121 S. Wilke Road, Suite 301
                                          Arlington Heights, IL 60005
                                          (773) 248-6504
                                          hannahgarst@garstlaw.com

December 11, 2019