IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2,<br>JANE DOE 3, JANE DOE 4,<br>JANE DOE 5,<br>                     Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal<br>Corporation,<br>                     Defendant. | No. 1:18-cv-03054<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Sunil R. Harjani |

**JOINT STATEMENT- TRIAL DATES**

      Plaintiffs, JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, (hereinafter "PLAINTIFFS") and Defendant, THE CITY OF CHICAGO (hereinafter "DEFENDANT"), by and through their respective attorneys, jointly present this Joint Statement regarding agreed upon trial dates and the parties' estimate of trial length.

1. **Agreed Upon Trial Dates**- the parties are available to start trial anytime on or after September 21, 2021. The parties ask that the trial begin sometime in September or October to avoid the Thanksgiving holiday. At the time of filing, the parties have no conflicts though November 12, 2021.

2. **Length of Trial:**

    a. **Plaintiffs' Position- 15-20 trial days.**

    Based on the Final Pretrial Order submitted by the parties, Plaintiffs believe that the trial can be conducted over 15-20 trial days. Plaintiffs are committed to paring down its witness list to avoid cumulative testimony. Although Defendant has filed multiple bifurcation motions, Plaintiffs continue to assert that trying this case in one instance

1

will prevent multiple trials that are duplicative and cumulative and will reduce the number of trial days both for the court and the jurors. In addition, the following issues are presently before the court and will potentially further reduce the trial time:

    i. **Plaintiffs' Proposed Uncontested Facts (Dkt. 370-2):** Plaintiffs submitted over 160 additional uncontested facts that are based upon legally binding admissions by Defendant as well as L.R. 56.1 facts admitted as part of the parties' summary judgment motions. These facts will reduce witness time and potentially negate the need to call certain witnesses.

    ii. **Plaintiffs' Witnesses by Deposition Designation (Dkt. 370: 5-6; 370-6; 394):** Plaintiffs have submitted that evidence by six of its witnesses can be presented through their sworn deposition testimony. Three of these designations include depositions taken by Defendant of Plaintiffs' medical treaters Kristen Kenefick, Jill Spooner, and Carla Carter. Two of the depositions involved Plaintiffs' depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) and are admissible by designation, Fed. R. Civ. P. 32(a) & (a)(3). Defendant objected to all six of these witnesses being presented through deposition designation. Accepting these witnesses by designation will reduce the trial time, because there will be no need to call these witnesses.

**b. Defendant's Position- 15-20 trial days.**

Based on the Final Pretrial Order submitted by the parties, Defendant agrees that the trial can be conducted over 15-20 trial days. Defendant further asserts that Defendant's pending motions to bifurcate will only serve to streamline any trial by avoiding potentially lengthy and unnecessary witness testimony, including, for

example, negating the need for the *Monell* witnesses if no underlying constitutional injuries occurred and such claims, as a matter of law, cannot proceed. (Dkt. No. 362).

    i. **Plaintiffs' Proposed Uncontested Facts (Dkt. 370-2):** Defendant objects to Plaintiffs' Proposed Uncontested Facts and further disagrees that the reading of such facts will in any way reduce the overall length of the trial.

    ii. **Plaintiffs' Witnesses by Deposition Designation (Dkt. 370: 5-6; 370-6; 394):** Defendant filed a motion in limine to bar testimony of witness Patrick Fitzmaurice (Dkt. No. 372). Regarding Defendant's 30(b)(6) witnesses James Soludczyk and Ayse Kalayciolglu, and Plaintiffs' medical treaters Kristen Kenefick, Jill Spooner, and Carla Carter, Defendant continues to object to deposition designations for the reasons stated in the pretrial order. (Dkt. No. 370, p. 9). However, Defendant is also mindful of the COVID-19 pandemic and all associated health and safety concerns related to large gatherings. Depending upon the status of the COVID-19 pandemic as the trial date approaches, Defendant is open to re-evaluating to what extent in-person testimony should be limited, if necessary, either via deposition designations or "remote" testimony.

    Respectfully Submitted,

    **JANE DOE 1, JANE DOE 2,**
    **JANE DOE 3, JANE DOE 4,**
    **JANE DOE 5**

    /s/ *Hannah V. Garst*
    One of Plaintiffs' Attorneys

Hannah Valdez Garst
Law Offices of Hannah Garst, P.C.
121 S. Wilke Rd., Suite 301
Arlington Heights, IL 60005
773-248-6504
hannahgarst@garstlaw.com

Michael Cogan
Miguel A. Ruiz
Cogan & Power, P.C.
1 E. Wacker Drive, Suite 510
Chicago, IL 60601
mcogan@coganpower.com
mruiz@coganpower.com

Thomas M. Cramer
Amy S. Cramer
Cramer Law Chicago, P.C.
180 N. LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 924-0219
acramer@cramerlawchicago.com
tcramer@cramerlawchicago.com

Lynn T. Palac
Lynn T. Palac Attorney at Law
121 S. Wilke Rd., Suite 301
Arlington Heights, IL 60005
847-404-9311
lynn@ltplawfirm.com

**DEFENDANT CITY OF CHICAGO**

By: /s/Nadine C. Abrahams

/s/Nadine C. Abrahams
Special Assistant Corporation Counsel

5

                              Nadine C. Abrahams
                              Jeffrey L. Rudd
                              Julia Pearce Argentieri
                              Special Assistant Corporation Counsel
                              JACKSON LEWIS P.C.
                              150 N. Michigan Avenue, Suite 2500
                              Chicago, Illinois 60601
                              (312) 747-4949
                              Nadine.Abrahams@jacksonlewis.com
                              Jeffrey.Rudd@jacksonlewis.com
                              Julia.Argentieri@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Hannah V. Garst, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **JOINT STATEMENT- TRIAL DATES** to be filed using the Court's electronic filing system, which will send automatic notification to all counsel of record on October 29, 2020.

/s/ *Hannah V. Garst*
Hannah V. Garst