IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal Corporation,<br>    Defendant. | Case No. 1:18-cv-3054<br>Judge Ronald A. Guzman<br>Magistrate Judge Sunil R. Harjani |

**PLAINTIFFS' MOTION REQUESTING COURT TO ORDER THE DEFENDANT TO PRODUCE JANE DOE 3 FOR SETTLEMENT CONFERENCE ON APRIL 27, 2021**

For the foregoing reasons, Plaintiffs respectfully request that this Court order Defendant to produce Jane Doe 3 for the settlement conference scheduled on April 27, 2021, as this is a date that works for this Court and all parties:

1. On April 20, 2021, this Court stated that the "parties have unanimously agreed to negotiate within the range set by the Court, with the understanding that any settlement is subject to approval by the City Council. The parties shall confer and propose three potential dates for a virtual settlement conference to the Courtroom Deputy by 4/23/21."

2. On April 21, Plaintiffs reached out to the Defendant to obtain dates. We requested dates over the next three weeks.

3. Soon after, the Defendant replied with four dates that would work, including April 27, April 29, May 3, and May 4. The Defendant also stated that "the City will need to schedule the settlement conference prior to May 10 in order to ensure that any potential settlement can be set on the June calendar for the City Council approval."

1

4. Based on Defendant's representation that any settlement conference would need to occur prior to May 10, Plaintiffs again reached out and asked if there were any other dates that Defendant could be available up to May 10th. Defendant responded that there were no additional dates. Plaintiffs again followed up to ask if Defendant could use a "placeholder" to ensure that any settlement could be presented in June, and Defendant replied that it was "not available the week of May 10th so the mediation would need to occur before then.

5. Based on Defendant's repeated representation, Plaintiffs worked for several hours to coordinate the schedules of Jane Does 1, 2, and 3 along with their three attorneys. A complicating factor is that Jane Does 1 and 2 work on the same shift while Jane Doe 3 works on a mirror shift. In other words, out of every 4 days, Jane Does 1 and 2 would work on every 2nd day while Jane Doe 3 would work on every 4th day.

6. Throughout the entire litigation, Plaintiffs have continually maintained that they would not call any of the Jane Does for depositions, settlement conferences, or any legal proceeding on the day following their 24-hour shift. Many of the firehouses are busy throughout the entire 24-hour shift, so Plaintiffs return home to sleep and would not be in any condition to participate in legal proceedings.

7. Of the four dates that Defendant provided to Plaintiffs, only two days were possible: April 27 and May 3.

8. Plaintiffs' counsel reached out to this Court's courtroom deputy with the two dates that worked for the parties, and the Court's only availability was April 27th.

9. Following this information and to accommodate Defendant's availability and requirement that the conference occur before May 10th, Plaintiffs' counsel moved other appointments, including a deposition with an out-of-town doctor.

10. Counsel emailed this Court's courtroom deputy, along with all counsel, that all parties were available on April 27th. This Court scheduled the settlement conference.

11. April 27th was ideal because only Jane Doe 3 was scheduled to work that day. Because Plaintiffs avoid the day immediately following a shift, on every possible day, either one or two Jane Does will be on shift.

12. To exhaust all possible options, Jane Doe 3 contacted multiple persons to see if anyone would be willing to "trade" shifts. Everyone she contacted could not trade.

13. Plaintiffs contacted Defendant to alert them that Jane Doe 3 tried to find coverage for her shift but was unable. Based on CFD's Manpower Rehire Practices (See Exhibit A- Affidavit of Jane Doe 2), Plaintiffs requested that CFD ensure that Jane Doe 3 could attend the agreed upon settlement conference either at her home or at the office of one of her attorneys, Cogan & Power, P.C.

14. Defendant responded that the City "indicated that this doesn't give them enough time to find a replacement for her." The Defendant then inexplicably offered new dates, May 10 or 11.

15. Plaintiffs responded that Defendant routinely takes people out of service on their shift and obtains rehires to replace them while attending legal proceedings. (See Exhibit A). Plaintiffs reiterated that all possible dates would have this same problem, because the Jane Does are on opposite/mirror shifts. Plaintiffs also stated that we repeatedly requested additional dates and Defendant refused. Plaintiffs also confirmed that these dates were not possible.

16. In the 3 years of litigation in this case, Plaintiffs have worked tirelessly and never needed Defendant to find a replacement for any of the Jane Does during any proceeding. Plaintiffs had all the Jane Does appear for depositions on off days and have managed to obtain trades or schedule off days for every settlement conference thus far. In contrast, the Defendant required Plaintiffs to call all deponents from the City on and during days they were scheduled

to work at CFD. CFD regularly took the deponent out of service or obtained a rehire for every deposition.

17. As a last-ditch effort, Plaintiffs' counsel spoke to Nadine Abrahams this afternoon. Following a conversation where Plaintiffs' counsel explained the process of CFD's rehires, Ms. Abrahams confirmed that the City of Chicago, through its representative Susan O'Keefe, stated that she "was not going to figure it out." Ms. Abrahams then proposed additional dates. Plaintiffs' counsel then explained that she spent hours trying to find a date based upon the dates Defendant gave to her and their specific instruction that the conference must occur prior to May 10th. To avoid this motion, Plaintiffs requested that Ms. Abrahams explain the rehire process to her client and request that they make April 27th work, as this was a date that Defendant provided to Plaintiffs, it worked for all parties, and this Court was available.

18. After the end of business today, Ms. Abrahams, without consulting Plaintiffs, sent an email to this Court's deputy stating that because one of the Jane Does is unable to get someone to cover her shift, the City would like to investigate other possible dates, including May 4, 6, 12, or 13. None of these dates are possible for the Plaintiffs.

19. Given that Plaintiffs spent hours negotiating their schedules to conform to one of Defendant's four original dates it provided, and to ensure that the conference occurred prior to May 10th for any settlement to be presented to City Council in June, Plaintiffs are requesting that this Court order Defendant to produce Jane Doe 3 for the settlement conference on April 27th.

20. By ordering Jane Doe 3 to be present, the Defendant may use its own rehire practice to ensure that her position is covered while she participates in the settlement conference. As sworn to in Exhibit A, rehires are filled two days prior to the vacancy date. Furthermore, this is a regular business practice within CFD, and rehires are listed in Manpower every day. This amounts to no disruption to CFD and is routinely done within the ordinary course of business.

21. On the flip side, Plaintiffs have gone over and above to accommodate Defendant and their availability, including changing previously scheduled meetings and depositions. All parties can be present on April 27th.

22. Furthermore, Plaintiffs will be prejudiced, including Jane Does 4 & 5, if any settlement agreement cannot be presented to City Council until after June due to the City's refusal to make Jane Doe 3 available for a date it requested for a scheduled conference where all parties are available, including this Court.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court order Defendant to produce Jane Doe 3 for the settlement conference scheduled on April 27, 2021, at 9:30 a.m. Plaintiffs request that Jane Doe 3 be allowed to appear at the conference with either her attorneys at Cogan & Power, P.C. or virtually from home.

Respectfully Submitted,

**JANE DOE 1, JANE DOE 2,
JANE DOE 3, JANE DOE 4,
JANE DOE 5**

/s/ *Hannah V. Garst*
/s/ *Amy S. Cramer*

Hannah Valdez Garst
Law Offices of Hannah Garst, P.C.
121 S. Wilke Rd., Suite 301
Arlington Heights, IL 60005
773-248-6504
hannahgarst@garstlaw.com

Amy S. Cramer
Cramer Law Chicago, P.C.
180 N. LaSalle Street

Suite 3700
Chicago, Illinois 60601
(312) 924-0219
acramer@cramerlawchicago.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, I provided service to all persons of record by Electronic Filing through the CM/ECF system in the Northern District of Illinois a copy of the following: <u>PLAINTIFFS' MOTION REQUESTING COURT TO ORDER THE DEFENDANT TO PRODUCE JANE DOE 3 FOR SETTLEMENT CONFERENCE ON APRIL 27, 2021</u>.

<u>/s/ Hannah V. Garst</u>
Hannah V. Garst (#6279954)
Law Offices of Hannah Garst, P.C.
121 S. Wilke Road, Suite 301
Arlington Heights, IL 60005
(773) 248-6504
hannahgarst@garstlaw.com

April 22, 2021